UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| C&G WELDING, INC. | CIVIL ACTION |
| VERSUS | NO. 14-1800 |
| OPI INTERNATIONAL NIGERIA, LTD., OFFSHORE CONTRACTORS, INC. AND JAMES K. COLE | SECTION "L" (2) |

**ORDER & REASONS**

Before the Court is Defendant OPI International Nigeria's ("OPI") Motion to Reconsider. (Rec. Doc. 51). Having considered the applicable law and the parties' briefs, the Court now issues this order.

**I. Background**

This action arises from a contract dispute between Plaintiff and Defendants for work aboard the vessel GLOBAL IROQUOIS. Plaintiff alleges that it fully performed under the contract, but that Defendants refused to pay the amount required under the contract and owe $234,079. Plaintiff alleges that Defendants told Plaintiff that they would pay for the work with a loan and/or line of credit from the Union Bank of Nigeria. Based on this representation, Plaintiff performed the work under the contract. Plaintiff alleges that despite numerous representations from Defendants, no such line of credit exists. Plaintiff maintains an open account with Defendant Offshore Contractors. Plaintiff claims causes of action for breach of contract and fraud. Plaintiff indicated that it served Defendants via the Louisiana Long-Arm Statute. Plaintiff is a Louisiana corporation, while Defendant OPI is a foreign corporation, Defendant Offshore Contractors is a Texas Corporation, and James Cole is a Texas citizen.

Plaintiff filed suit in state court, and Defendant OPI International Nigeria ("OPI") removed to this Court. On February 19, 2015, this Court, *inter alia*, denied OPI's motion to dismiss, holding that Plaintiff had established a prima facie case for personal jurisdiction.

## II. Present Motion

Defendant OPI now moves to reconsider. (Rec. Doc. 51). It argues that the Court's order was based upon errors of fact and law, and it re-asserts its prior arguments concerning lack of personal jurisdiction. It also argues that it timely moved for leave to file a reply and that its reply presented new material evidence.

## III. Law and Analysis

### A. Statement of law

A Federal Rule of Civil Procedure 59(e) motion "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment."[1] *Templet v. HydroChem Inc*., 367 F.3d 473, 479 (5th Cir. 2004) (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). Rather, Rule 59(e) serves the narrow purpose of correcting manifest errors of law or fact, or presenting newly discovered evidence. *Lavespere v. Niagra Mach. & Tool Works, Inc*., 910 F.2d 167, 174 (5th Cir. 1990); *Templet*, 367 F.3d at 479 (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)). "'Manifest error' is one that 'is plain and indisputable, and that amounts to a complete disregard of the controlling law.'" *Guy v. Crown Equip. Corp*., 394 F.3d 320, 325 (5th Cir. 2004) (quoting *Venegas-Hernandez v. Sonolux Records*, 370 F.3d 183, 195 (1st Cir. 2004)). The United States Court of Appeals for the Fifth Circuit has noted that altering, amending, or reconsidering a judgment under Rule 59(e) "is an extraordinary remedy that should be used sparingly." *Templet*,

---

[1] Federal Rule of Civil Procedure 54 defines the term "judgment" as "a decree [or] any order from which an appeal lies."

367 F.3d at 479 (citing *Clancy v. Empl'rs Health Ins. Co.*, 101 F. Supp. 2d 463, 465 (E.D. La. 2000)). "A Rule 59(e) motion should not be used to re-litigate prior matters that . . . simply have been resolved to the movant's dissatisfaction." *Voisin v. Tetra Techs., Inc.*, 2010 WL 3943522, at *2 (E.D. La. Oct. 6, 2010). District courts have "considerable discretion in deciding whether to grant or deny a motion to alter a judgment." *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir. 1995). Yet at the same time, the Rule 59(e) standard "favors denial of motions to alter or amend." *S. Constructors Grp, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993).

    A.    Analysis

OPI's motion to reconsider does not demonstrate a manifest error of fact or law. As the Court explained in its prior Order and Reasons, Plaintiff has set forth a prima facie case for personal jurisdiction over OPI. As the Court explained, "[t]hough the Defendant has countered with testimony that it does no business in Louisiana and has no contacts here, the Court finds that, at this juncture, this conflicting evidence must be construed in the light most favorable to the Plaintiff." Although OPI attacks the allegations in the complaint that form the basis of the Court's jurisdictional ruling, the Fifth Circuit has plainly stated that "on a motion to dismiss for lack of jurisdiction, uncontroverted allegations in the plaintiff's complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in the plaintiff's favor for purposes of determining whether a *prima facie* case for personal jurisdiction exists." *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008). Here, in pertinent part, the prima facie allegations are that OPI entered into a contract with Plaintiff for work to be performed in Louisiana, was responsible for negotiating the line of services performed in Louisiana, and assumed responsibility for payment of invoices. Moreover, several U.S.-based workers either were, or believed themselves to be, employees of OPI. As this Court

has explained, these allegations establish a prima facie case for personal jurisdiction, notwithstanding OPI's rehashed arguments.

Nor do OPI's arguments concerning denial of leave establish a manifest error of fact or law. A prima facie case exists regardless of the arguments in the reply brief and regardless of whether it was filed timely. And as OPI itself notes, the Court "maintains ultimate discretion on whether to grant leave to file a reply."

**IV. Conclusion**

For the foregoing reasons, **IT IS ORDERED** that OPI International Nigeria's Motion to Reconsider is **DENIED**.

New Orleans, Louisiana, this 10th day of April, 2015.

_____
UNITED STATES DISTRICT JUDGE